UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS A. FOELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: |
| v. | ) | |
| | ) | |
| OFFICER STEVEN SPERBER, | ) | |
| *in his individual capacity* | ) | |
| | ) | **PLAINTIFFS DEMAND** |
| OFFICER JAMES DAVIS, | ) | **TRIAL BY JURY** |
| *in his individual capacity* | ) | |
| | ) | |
| VILLAGE OF CALVERTON PARK, | ) | |
| MISSOURI, | ) | |
| | ) | |
| Defendants | ) | |

**COMPLAINT**
**42 U.S.C. 1983:  EXCESSIVE FORCE AND MONELL LIABILITY,**
**AND**
**PENDENT STATE LAW CLAIMS:  MALICIOUS PROSECUTION AND CONSPIRACY**

Comes now Plaintiff Thomas A. Foeller, by counsel W. Bevis Schock, and states for his complaint:

### Introduction, Not Part of Complaint

Plaintiff Thomas A. Foeller drove northbound on Florissant Rd. in the Village of Calverton Park in North St. Louis County, Missouri.  Defendant Officer James Davis clocked him speeding and gave chase.  Mr. Foeller pulled over within a few seconds of the time Officer Davis activated his cherries.

Defendant Officer Steven Sperber pulled up to assist.  The two officers approached Mr. Foeller's van.  Without provocation Officer Sperber yanked Mr. Foeller from his van and threw

him face down on the pavement.  Mr. Foeller suffered broken teeth and other injuries.  Mr. Foeller makes a civil rights claim against Officer Sperber for excessive force.

On information and belief officers of Calverton Park's tiny Police Department have used excessive force against at least three pre-trial arrestees, including Mr. Foeller.  Also the department's senior staff has failed to train, supervise, discipline and control the officers, and has run an altogether slip-shod operation.  Mr. Foeller therefore also brings a ***Monell*** claim against the municipality.

Officers Sperber and Davis instigated legal proceedings against Mr. Foeller to take his driver's license for refusing to take a breath test.  That case went to trial and the trial court found that the officers did not have probable cause to believe either that Mr. Foeller was intoxicated or that he had refused to take the breath test.  Under Missouri state law Mr. Foeller sues the individual officers for malicious prosecution for instigating the refusal case.  He also makes a conspiracy claim against them for that conduct.

## PRELIMINARY ALLEGATIONS

### Parties

1.    Plaintiff Thomas A. Foeller is an individual residing in St. Louis County, Missouri.

2.    Defendant Steven Sperber is a licensed police officer in the State of Missouri.  Plaintiff sues Officer Sperber in his individual capacity.

3.    Defendant James Davis is a licensed police officer in the State of Missouri.  Plaintiff sues Officer Davis in his individual capacity.

4.    Defendant Village of Calverton Park is a municipal corporation, organized and existing pursuant to Missouri law, located in St. Louis County, Missouri.

### Jurisdiction

5.    Plaintiff brings his federal claim pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

6.    The court has jurisdiction over the federal claims pursuant to  28 U.S.C. §1343, and 28 U.S.C. §1331.

7.    Plaintiff asks the court to take supplemental jurisdiction over plaintiff's state law claims, pursuant to 28 U.S.C. §1367.

**Venue**

8.    The events complained of occurred in the Eastern District of Missouri, in the Eastern Division.

**Color of State Law**

9.    At all relevant times Officer Sperber acted under color of state law.

10.   Particularly, Officer Sperber acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivision, the Village of Calverton Park.

**FACTUAL ALLEGATIONS**

**Traffic Stop**

11.   In the wee hours of December 15, 2006 Mr. Foeller was northbound on New Florissant Road (Route N) near the northern border of the Village of Calverton Park, Missouri.

12.   Mr. Foeller was speeding no more than 15 mph over the limit.

13.   Officer Davis was running radar at that location.

14.   Several moments passed.

15.   Officer Davis began to pursue Mr. Foeller.

16.   Approximately one half mile into the chase Officer Davis activated his emergency lights.

17.     By then both vehicles were well north of the northern border of the Village of Calverton
        Park.

18.     Within approximately 13 seconds of the activation of the lights Mr. Foeller pulled over.

19.     For a few moments Officer Davis sat in his patrol car behind Mr. Foeller's van,
        presumably waiting for assistance.

20.     Officer Sperber then pulled up in front of Mr. Foeller's van and blocked in Mr. Foeller's
        van.

**Officer Sperber Throws Mr. Foeller to Ground - Excessive Force**

21.     The two officer's exited their vehicles.

22.     Officer Sperber used a hand gesture to direct Officer Davis to the passenger side of Mr.
        Foeller's van.

23.     Officer Sperber did not direct any commands to Mr. Foeller.

24.     Officer Sperber tried to open the driver's door to Mr. Foeller's van.

25.     The door was locked.

26.     Mr. Foeller unlocked the driver's door from the inside.

27.     Officer Sperber opened the door.

28.     Officer Sperber reached in and grabbed Mr. Foeller's arm.

29.     Using an arm-bar technique Officer Sperber threw Mr. Foeller face ground on the
        pavement.

30.     Mr. Foeller briefly lost consciousness.

**Subsequent Events at the Scene**

31.     Mr. Foeller lay on the ground for approximately two minutes.

32.     Mr. Foeller eventually stood up.

33.   Handcuffed and escorted, Mr. Foeller walked toward the side of Officer Davis's patrol car.

34.   Mr. Foeller was at first unsteady on his feet.

35.   Mr. Foeller became steady on his feet.

36.   An officer found two cups of liquid in Mr. Foeller's van.

37.   That officer put those cups on the hood of the patrol car.

38.   The liquid in one cup was a mixture of peach papaya drink and iced tea.  The liquid in the other cup was 7-Up.

39.   One of the officers later used the liquid in the cups to wash away a pool of blood which had formed below Mr. Foeller's mouth during the time Mr. Foeller had been lying on the pavement.

**The Hospital and the Station –
The Tickets and the Allegation of Refusal**

40.   An ambulance took Mr. Foeller to Christian Hospital.

41.   Mr. Foeller refused treatment.

42.   The Defendant officers took Mr. Foeller back to the Calverton Park police station.

43.   The officers, acting jointly, gave Mr. Foeller the following seven tickets:

   a.   "Exceeded posted speed limit northbound", No. 050859316,

   b.   "Fail to yield to emergency vehicle", No. 050859317,

   c.   "Driving while intoxicated", No. 050859318,

   d.   "Above named has suspect marijuana in coat pocket", No. 008937,

   e.   "Above named refused to exit vehicle after being advised he was under arrest", No. 008938,

    f.      "Failure to Comply"  (This ticket was later amended to read:  "Failure to Comply Above named failed to comply with a lawful order after being lawfully detained", No. 008939, and

    g.      "Above named had two open alcoholic beverages in operated moving vehicle", No. 008940.

44.    The final three charges were for conduct which occurred outside The Village of Calverton Park.

45.    Mr. Foeller's Wife came and bonded him out.

46.    As Mr. Foeller and his Wife were leaving the station the officers, acting together, asked Mr. Foeller to blow in a breathalyzer.

47.    The request was made without following lawful procedure in that Officers Sperber and Davis:

    a.      Did not read Mr. Foeller the required "Implied Consent" statements on Missouri Department of Revenue Form 2389 and as required by RSMo. 577.041.

    b.      Did not have a breath machine at their disposal in the station, and

    c.      Only had in their possession a hand-held breathalyzer, which is not lawful to use for a breath test to get a formal reading for purposes of determining blood alcohol content, but is only lawful to use to determine positive or negative for blood alcohol.

48.    Under Missouri law refusing to take the breath test results in a one year revocation of the subject's driver's license.

49.    Due to the injuries to his mouth at the time Officers Sperber and Davis requested Mr. Foeller to blow into the breath machine he was unable to blow into anything.

50.    There is no breathalyzer machine in Calverton Park.

51.    The officers, acting together, gave Mr. Foeller a "refusal form", Missouri Department of Revenue Form 4323 asserting that Mr. Foeller had refused to take the breath test after a proper and lawful opportunity to do so.

52.    The Officers, acting together, submitted that form to the Department of Revenue.

53.    Accompanying the form to the Department of Revenue was a breath test "refusal print-out" from the City of Ferguson.

54.    On the night in question Mr. Foeller never went to the City of Ferguson.

55.    Pursuant to Missouri law, by sending in the form officers were asserting under penalty of perjury that they had:

|  |  |
|---|---|
| RSMo. 577.041.2(1)(a) | Reasonable grounds to believe that the arrested person was driving a motor vehicle while in an intoxicated or drugged condition; and |
| RSMo. 577.041.2(1)(c) | That the person refused to submit to the chemical test. |

56.    The officers thereby instigated an action against Mr. Foeller to take away his driver's license for a year.

## False Statements in Police Report

57.    Officers Sperber and Davis, acting together, wrote the police report.

58.    Included in the police report are various statements about the alleged refusal.

59.    The police report has many inconsistencies and inaccuracies and is in direct conflict with the videotapes in regards to time frames, actions of Mr. Foeller and actions of the police officers.

## Resolution of Criminal Charges

60.     Mr. Foeller's tickets came on for jury trial on a second amended information in St. Louis
         County, No. 08SL-MU00312.

61.     The amended charges which were tried were:

         a.     Count I:       Consumption of an Alcoholic Beverage in a Moving motor
                                vehicle,

         b.     Count II:      Exceeding the Posted Speed Limit,

         c.     Count III:     Failure to Maintain Financial Responsibility,

         d.     Count IV:      Possession of Marijuana,

         e.     Count V:       Resisting or Interfering With Arrest, Detention or Stop, (described
                                in the narrative as failing to stop after he should have seen the
                                emergency lights or heard the audible signal),

         f.     Count VI:      Failure to Comply with a police officer, (described in the narrative
                                as failing to exit vehicle when instructed to do so, and failed to
                                place hands behind his back when instructed to do so),

         g.     Count VII:     Driving While Intoxicated, and

         h.     Count VIII:    Failure to Yield to an Emergency Vehicle, (described in the
                                narrative as failing to promptly pull over to the right curb).

62.     During trial, upon motion of Mr. Foeller, the trial court dismissed:

         a.     Count I:       Unlawful Consumption, and

         b.     Count III:     No Insurance.

63.     On February 20, 2009 the Jury found Mr. Foeller not guilty on the following counts:

         a.     Count V:       Resisting Arrest,

      b.      Count VI:      Failure to Comply,

      c.      Count VII:      Driving While Intoxicated, and

      d.      Count VIII:      Failure to Yield.

64.     The Jury found Mr. Foeller guilty on the following counts:

      a.      Count II:      Speeding, and

      b.      Count IV:      Marijuana.

### Resolution of Refusal Case

65.     Mr. Foeller challenged his refusal through the St. Louis County court system.

66.     Mr. Foeller's refusal came on for bench trial in St. Louis County, No. 06PR-1638.

67.     On July 17, 2009 The Honorable Barbara Wallace issued a final judgment finding that the Officers did not have probable cause to arrest Mr. Foeller for driving while intoxicated or an alcohol related offense, and further that Mr. Foeller did not refuse to submit to a chemical test either of his breath or of his blood.

68.     Judge Wallace also found the police report to be "littered with inconsistencies and inaccuracies".

### Pattern of Violence Against Pre-Trial Detainees

69.     On information and belief on at least two other occasions police officers of the Village of Calverton Park have committed acts of violence against pre-trial detainees, particularly including:

      a.      Francesco Giustiniano on May 15, 2003, and

      b.      Another person (or persons) in accordance with proof.

### Failure To Train Officers
### Failure To Supervise, Discipline and Control Officers
### Slip Shod Operations

70.     The Village of Calverton Park has failed to train its police officers regarding the proper use of force against pre-trial detainees.

71.     The Village of Calverton Park has failed supervise, discipline and control those police officers who have used excessive force against pre-trial detainees.

72.     The Village of Calverton Park has failed to keep track of its equipment, including guns and badges, and has run a slip-shop police department, without discipline and control, and such practices have lead to an atmosphere of lawlessness which was the moving force behind the unconstitutional use of excessive force in this case.

## DAMAGES

73.     As a result of these events, both at the scene and afterward, Mr. Foeller suffered

      a.     Pain,

      b.     Disfigurement,

      c.     Humiliation,

      d.     Anguish,

      e.     Indignity,

      f.     Disgrace,

      g.     Anxiety,

      h.     Sleeplessness,

      i.     Nervousness,

      j.     Stress, and

      k.     Fear.

74.     On information and belief on the night of the incident Mr. Foeller incurred ambulance and hospital bills of approximately $1,500.00, more or less, in accordance with proof.

75.   Mr. Foeller has incurred and/or will incur dental bills

    a.      An amount to be determined for initial stabilization, in accordance with proof, and

    b.      A bill for reconstruction of approximately $2,725.00, in accordance with proof.

## CAUSATION

76.   The actions of Defendants and each of them caused the damages suffered by Plaintiff.

77.   The actions of Defendant Village of Calverton Park were the moving force behind Plaintiff's injuries and damages.

## ATTORNEY'S FEES

78.   In pursuing the federal claims Mr. Foeller is incurring reasonable attorney fees, non-taxable expenses, and costs.

### COUNT I
### Excessive Force - Compensatory Damages
### Violation of Civil Rights, 42 U.S.C. §1983, Fourth Amendment
### Against Officer Sperber

79.   Plaintiffs incorporate all prior paragraphs.

80.   At the time Officer Sperber touched Mr. Foeller's arm Officer Sperber seized Foeller for purposes of Fourth Amendment law.

81.   Officer Sperber's throwing of Mr. Foeller face down on the pavement was excessive under the circumstances.

82.   At the time of the use of excessive force Mr. Foeller:

    a.      Had not committed a serious crime,

    b.      Presented no threat to the safety of the officers or others,

    c.      Was not actively resisting arrest, and

    d.      Was not attempting to evade arrest by flight.

83.     Officer Sperber used greater force than was necessary in light of the facts and circumstances confronting him.

84.     A reasonable officer, without the benefit of 20/20 hindsight, would not have used such force under similar circumstances.

85.     The actions of Defendant Chief Locke violated Plaintiff's civil rights under the Fourth and Fourteenth Amendments and 42 U.S.C. 1983, particularly, his rights:

   a.      To be secure in his person from unreasonable seizures of his person,

   b.      To be safe from the unreasonable use of force, and

   c.      To be safe from the use of excessive force.

### Punitive Damages

86.     Officer Sperber's use of excessive force on Mr. Foeller was maliciously or recklessly indifferent to Mr. Foeller's rights, and was taken in the face of a perceived risk that it would violate federal law.

### Prayer

WHEREFORE, Plaintiff Thomas A. Foeller prays for judgment on Count I under 42 U.S.C. 1983 and 1988 against Defendant Officer Steven Sperber for excessive force, in his individual capacity, for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees and non-taxable expenses, for costs, and for such other relief as the court finds to be just, meet and reasonable.

### COUNT II
### *Monell* Liability
### Against Village of Calverton Park

87.     Plaintiffs incorporate all prior paragraphs.

88.    The Village of Calverton Park's officers' pattern of the use excessive force against pre-trial detainees was the moving force behind the constitutional violations and amounted to deliberate indifference to Mr. Foeller's constitutional rights.

89.    The Village of Calverton Park's failures to:

    a.    Train its officers,

    b.    Supervise, discipline and control its police officers, as well as

    c.    Clean up its generally slip shod methods of operation,

were the moving force behind the constitutional violations and amounted to deliberate indifference to Mr. Foeller's constitutional rights.

**Prayer**

WHEREFORE, Plaintiff Thomas A. Foeller prays for judgment on Count II under *Monell* against Defendant Village of Calverton Park for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees and non-taxable expenses, for costs, and for such other relief as the court finds to be just, meet and reasonable.

**COUNT III**
**Malicious Prosecution**
**State Law Claim**
**Against Officers Sperber and Davis**

90.    Plaintiffs incorporate all prior paragraphs.

91.    Officers Sperber and Davis, and each of them, instigated a civil action against Mr. Foeller for refusing to take the breath test.

92.    Mr. Foeller did not have sufficient indicia of intoxication to make a reasonable person believe he was intoxicated.

93.   Mr. Foeller did not wobble or sway, except when first getting up, and any reasonable person observing him getting up would have known that a reasonable explanation for that initial wobbling was due to his injuries and pain from being thrown to the ground.

94.   No officer ever even asked him to take the standard field sobriety tests.

95.   Officers Sperber and Davis did not ask Mr. Foeller to take the breath test according to proper Missouri law procedures.

96.   Particularly, Officers Sperber and Davis did not read him the required questions in the required order, as stated above.

97.   Officers Sperber and Davis did not have a reasonable belief in the facts alleged, or a reasonable belief that the claim was valid.

98.   Objectively, Officers Sperber and Davis were not aware of facts and circumstances as to warrant a prudent person having the honest belief that the Refusal and the means taken in prosecuting it were just, legal, and proper.

99.   The acts were wrongful and were taken without just cause or excuse.

100.   The refusal case was resolved wholly in Mr. Foeller's favor.

101.   Officers Sperber and Davis, acting together, initiated the Refusal with the malicious intent of silencing him so that he would not bring an action against Officer Sperber for excessive force.

102.   Malice of Officers Sperber and Davis may be inferred as a result of the lack of probable cause.

103.   Mr. Foeller incurred attorney's fees for defending himself in the Refusal case.

104.   Mr. Foeller incurred mental stress and fear as a result of having to defend himself in the Refusal case.

105.   Mr. Foeller suffered damage to his reputation and social standing.

**Punitive Damages**

106.   Officers Sperber and Davis acted with an improper motive in the Refusal case in that they

initiated the case in order to put pressure on Mr. Foeller and thereby stop him from

pursuing a civil case against Officer Sperber for excessive force.

107.   Due to their improper motive the actions of Officers Sperber and Davis meet the standard

of legal malice.

**Prayer**

WHEREFORE, Plaintiff Thomas A. Foeller prays for judgment on Count III under state

law against Defendant Officers Steven Sperber and James Davis and each of them for malicious

prosecution, for compensatory damages in a fair and reasonable amount, for punitive damages,

for costs, and for such other relief as the court finds to be just, meet and reasonable.

**COUNT IV**
**Conspiracy**
**State Law Claim**
**Against Officers Sperber and Davis**

108.   Plaintiffs incorporate all prior paragraphs.

109.   During the time Mr. Foeller was in the Calverton Park police station Officer Davis and

Officer Sperber sat together over an extended period of time preparing paperwork.

110.   During the time they sat together they scribbled notes back and forth.

111.   During that time they were reaching a meeting of the minds.

112.   They formed a plan.

113.    By inference the objective of the plan was to charge Mr. Foeller with a refusal, all to intimidate him and thereby silence him and convince him not to sue Officer Sperber for excessive force.

114.    Officer Davis and Officer Sperber instigated the Refusal case which had no basis.

115.    Mr. Foeller incurred attorney's fees in the approximate amount of $1,400.00 to defend against those charges.

116.    Officer Davis and Officer Sperber are jointly and severally liable for all damages resulting from the conspiracy.

**Punitive Damages Attributable to Each**

117.    Officer Davis and Officer Sperber were equally culpable and together meet the standard of legal malpractice.

**Prayer**

WHEREFORE, Plaintiff Thomas A. Foeller prays for judgment on Count IV under state law against Defendant Officers Steven Sperber and James Davis and each of them for conspiracy to commit malicious prosecution, for compensatory damages in a fair and reasonable amount, for punitive damages, for costs, and for such other relief as the court finds to be just, meet and reasonable.

Respectfully Submitted,


   /s/ W. Bevis Schock  .
W. Bevis Schock, MBE# 32551, FedARN# 15278
Attorney for Plaintiff
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322