UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS A. FOELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.:  4:09-CV-2037SNLJ |
| v. | ) | |
| | ) | |
| OFFICER STEVEN SPERBER, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S MEMORANDUM TO COURT
REGARDING EXHIBITS AND INSTRUCTIONS**

Comes now Plaintiff Thomas A. Foeller, by counsel W. Bevis Schock, and files his

Memorandum to the Court Regarding Exhibits and Instructions:

During the phone conference on May 10 the Court requested the parties to work together

to attempt to resolve issues regarding Exhibits and Instructions.  Since the phone conference

counsel for the parties have communicated by various forms of media, and also, today, Friday,

May 13, they met in person.  All discussions have been in good faith, and the parties have

disclosed their positions to one another.

It is Plaintiff's understanding that at this time the parties have several unresolved issues,

some of which are dependent on the Court's final rulings on the Motions in Limine.

For example, if the court rules that the criminal charges and their dispositions come in,

then Plaintiff will offer certain exhibits pursuant to that ruling.  Similarly, if the court allows

admission of the two Missouri statutes Plaintiff seeks to enter, Plaintiff will offer the statutes

pursuant to that ruling.  Further work on the exhibits depends on the court's rulings on the

Motions in Limine.

1

At this time Plaintiff offers the attached proposed limiting instruction regarding the criminal charges.

Plaintiff will now turn to the introduction of Missouri statutes into evidence.  Plaintiff seeks to introduce into evidence RSMo. 577.020 and 577.041, redacted as attached.  Each of those statutes relates to DWI refusal to blow situations.

Plaintiff intends to use the statutes during the direct examination of Defendant officers. Plaintiff will ask the officers whether they are familiar with those statutes, and are sworn to uphold them.  Plaintiff will then review the statutes and go over the Defendant's compliance or non-compliance with the statutes' terms.

Defendants assert that it is improper to introduce the statutes.  During today's meeting Defendants cited **Domijan v. Harp, 340 S.W.2d 728, 734 (Mo. 1960)** in which the court stated: "Plaintiff's counsel was permitted to read in evidence Sections 537.080 and 537.090 (RSMo 1949, V.A.M.S.) of our Wrongful Death Statutes in which, of course, the maximum recovery was stated.  The introduction into evidence of domestic statutes (or law) is wholly improper."

Plaintiff respond with three points:

First, the *Harp* case was a car accident wrongful death case and the focus of the action seems to relate to the Plaintiff's counsel repeating his prayer over and over.  The statement is dicta.

Second, the issue is procedural, and Missouri procedure has no bearing on federal procedure.  *Hiatt v. Mazda Motor Corp***., 75 F.3d. 1252, 1255 (8th Cir. 1966)**.  To Plaintiff's knowledge there is no federal case in support of Defendants' position.  Alternatively, the issue is evidentiary, but again, the Federal Rules of Evidence control evidence in federal court, not Missouri case law.

2

Third, in ***United States v. Clausen***, **792 F.2d 102, 107 (8th Cir. 1986)**, a wire fraud case, the court stated in footnote 5: "The notice and the attached statutes were admitted into evidence as Defendant's Exhibit 3". The court made no indication in the footnote that there was anything wrong with admitting the statutes. One many infer that if such admission was improper, the court would have pointed it out.

Respectfully Submitted,

Attorneys for Plaintiff

_____*/s/ Bevis Schock*_____
W. Bevis Schock, 32551MO
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-6545

_____*/s/ Hugh Eastwood*_____
Hugh A. Eastwood, 62058MO
7777 Bonhomme Avenue, Suite 1603
St. Louis, Missouri 63105-1941
heastwood@eastwoodlawstl.com
Fax:    (314) 727 4473
Voice: (314) 809 2343

CERTIFICATE OF SERVICE

The undersigned certifies that on May 13, 2011, (s)he served this document on:
William A. Hellmich
Blake D. Hill
King, Krehbiel, Hellmich & Borbonus, LLC
2000 S. Hanley Rd.
St. Louis, MO  63144-1524
_____*/s/ Bevis Schock*_____
The method of service was electronic filing with the Court Clerk using the CM/ECF system.